EVA WEINBAUM, Appellant, v. ALGONQUIN GAS TRANSMISSION COMPANY, Defendant, and TULSA WILLIAMS COMPANY, Respondent.— Plaintiff appeals from an order insofar as it grants the motion of defendant Tulsa Williams Company to dismiss the amended complaint as to said defendant on the ground that said complaint does not state facts sufficient to constitute a cause of action. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., MacCrate and Schmidt, JJ., concur; Wenzel and Beldock, JJ., dissent and vote to reverse the order and to deny the motion to dismiss the amended complaint, with the following memorandum: On April 7, 1952, defendant Algonquin Gas Transmission Company contracted with defendant Tulsa Williams Company for the latter to construct a gas transmission pipeline, which contract contemplated excavation and blasting. While so engaged, defendant Tulsa did some blasting and caused damage to plaintiff's property. Plaintiff sues as third-party beneficiary of the contract between Algonquin and Tulsa, the claim being that, by the contract Tulsa undertook to pay damages to all persons whose property was damaged, regardless of negli-

gence. Although the amended complaint does not allege whether plaintiff's property is on or off the right of way, in our opinion, it states a cause of action by virtue of the provisions of paragraph 2 of article VII of the General Conditions of the contract, by which Tulsa undertook (1) to give due consideration to the interests and property of landowners "wherever involved", and (2) to restore and repair "all" damaged property. Furthermore, under paragraph 1 of article XVII of the General Conditions of the contract, Tulsa was required to obtain insurance to protect it against liability for damage arising in "any" way from damage to property arising out of or resulting from the work. In any event, even if the liability undertaken by Tulsa under article VII as aforementioned is limited to restore and repair all damage to property in the right of way, plaintiff should be given leave to further amend the amended complaint to state facts showing that her property is so located, if that be the fact.