Frank A. Gulotta, J.
This is a motion by a third-party defendant for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.
In the main action the plaintiff Dorothy Carlson sues the Long Island Railroad to recover for the wrongful death of her husband, who was struck by a train on November 18, 1955, while he was engaged in construction work for Hendrickson Brothers at the site of the new Long Island Lighting Company Plant at Island Park.
The railroad has filed a third-party complaint against Hendrickson Brothers containing two causes of action. The first is based upon the construction contract between Long Island Lighting Co. and Hendrickson Brothers, which it is said, contains an undertaking by Hendrickson Brothers to indemnify the railroad for its own negligence.
The second cause of action rests in part upon the contract also, in that it is. claimed that the contract imposed a duty on Hendrickson Brothers to inform the railroad when extra flagmen would be required in the work area, and that insofar as negligence of the railroad may be predicated on the failure to furnish a flagman at the scene of the accident, the negligence of the *645 railroad was passive and that of Hendrickson Brothers active, enabling the former to claim over against the latter on common-law principles of indemnity.
The incomplete quotations from the contract which are contained in the third-party complaint fall far short of sustaining the first cause of action. Furthermore when they are read in their full context, as we may now do since the whole contract is before the court as an exhibit annexed to the third-party plaintiff’s bill of particulars, it is clear that there is not even a semblance of an agreement by the contractor, to indemnify the railroad for its own negligence.
One would have to find such an undertaking in pretty specific language in order to spell out such an obligation, where as here, the railroad is not even a party to the contract. (Broderick v. Cauldwell-Wingate Co., 281 App. Div. 904, affd. 305 N. Y. 872; Weinbaum v. Algonquin Gas Transmission Co., 132 N. Y. S. 2d 128, affd. 285 App. Div. 818.)
As to the second cause of action, the first paragraph of section 3 of addendum B to the Lighting Company contract with Hendrickson Brothers, entitled ‘1 Protection ’ ’, provides that the chief engineer of the railroad shall determine when additional flagmen are necessary. The only obligation of the contractor is to pay for such additional help as the railroad shall deem necessary.
Furthermore, how can it be said in any realistic sense that the railroad which was operating the train which struck the deceased, was passively negligent.
Chief Judge Conway in Putvin v. Buffalo Elec. Co. (5 N Y 2d 447) in examining this very question points out at page 456, that while acts of commission and acts of omission cannot invariably be equated to active and passive negligence respectively, since acts of omission may sometimes constitute active negligence, that nevertheless it was safe to say that the converse was not so, that is that acts of commission can be passive negligence, continuing in these words: “ that it seems to us that one cannot be guilty of passive negligence merely, if he has been guilty of a fault of commission.” (Emphasis added.)
In the principal complaint herein the railroad is charged with many acts of both commission and omission which would qualify it for the role of an active wrongdoer, for example, excessive speed, failure to sound a warning, etc.
The failure to have a flagman at the scene of the construction work would seem to partake of the same type of delinquency.
Whether Hendrickson Brothers could have assumed an obligation by contract to keep the railroad informed as to the need *646 for flagmen, so as to make itself the exclusive active wrongdoer we need not decide, since the contract pleaded contains no such provision.
On the other hand if a jury should eventually conclude that the railroad’s failure to have a flagman present constituted negligence, it would be its own negligence for which it was being called to account, not the vicarious wrongdoing which is the typical and necessary basis for indemnity and a elaimover.
Accordingly the motion is granted. Short-form order signed.