SNYDER PLUMBING & HEATING CORP., Respondent, *v.* JOHN E. PURCELL, Doing Business under the Name of PURCELL BROS., Appellant.

First Department, January 28, 1960.

*Ralph R. Weiser* of counsel (*Joseph Lotterman* with him on the brief; *Lotterman & Weiser,* attorneys), for appellant.

*Samuel L. Greenberg* of counsel (*Emanuel Greenberg* and *Erwin Greenberg* with him on the brief; *E. & S. L. & E. Greenberg,* attorneys), for respondent.

M. M. FRANK, J.   This is an appeal from the denial of the defendant's motion for summary judgment.

The parties in this action entered into separate contracts with the County of Rockland in connection with the construction of a home and infirmary.  Pursuant to the agreements, the defendant, Purcell, undertook the responsibility of general contractor, and the plaintiff performed the plumbing and drainage work.  Both contracts executed by the parties with the county were similar except for the provisions specifically referring to the work to be performed by each.

Before the initiation of this suit, the plaintiff, Snyder Plumbing & Heating Corp. (hereinafter referred to as Snyder), commenced an action against the county for damages attributable to delay caused by the county in the erection of the structure.  In the second cause pleaded in that action, Snyder alleged it was damaged in the sum of $10,737.70, the precise amount claimed in this one.  The lawsuit against the county was adjusted by the county paying the sum of $11,689.64 to the plaintiff.  Snyder delivered a general release to Rockland County specifically releasing it from all claims arising out of the contract, but reserving any rights " which it may have against any of the other contractors involved in the construction of the project ".

Snyder thereafter demanded arbitration with Purcell on its alleged claim against the defendant, but the relief was denied on the ground that there was no privity between the parties. Snyder did not appeal from that order, but instead it commenced this action to recover damages for the loss it allegedly sustained due to Purcell's procrastination in completing his work as general contractor.

The first cause of action is predicated upon the theory that Snyder is the third-party beneficiary of the contract between

Purcell and Rockland County. The pertinent clauses * involved in this dispute are contained in the general conditions of Purcell's contract and, admittedly, are a part of the standard form of the American Institute of Architects.

In its brief, Snyder unequivocally states that article 34 of the agreement between Purcell and Rockland County gives it the right to proceed *ex contractu* against Purcell as the third-party beneficiary thereunder. We do not so construe the clause. Article 34 is essentially an indemnity provision solely for the benefit of Rockland County and does not create an obligation to any other contractors performing work on the project. Moreover, the county never claimed or asserted that Snyder's alleged loss was caused by Purcell. In fact, after asserting its claim for damages against the county, Snyder settled its claim and released Rockland County. The county never demanded indemnification from Purcell at any time. Consequently, no derivative liability on the part of the defendant accrues, nor does the duty to indemnify the plaintiff under the defendant's contract with the county arise. The plaintiff's reservation of rights against

---

* " Art. 31. *Damages.*— If either party to this Contract should suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he shall be reimbursed by the other party for such damages, provided, the Owner shall be responsible for and at his option insure against loss of use of any of his existing property, due to fire or otherwise, however caused.

" Claims against this clause shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration.

" The Contractor is relieved of responsibility for damages to the work due to causes beyond the control of and without fault or negligence of the Contractor.

"*Liquidated Damages*: In case any Contractor fails to complete the work within the time fixed for such completion in the Form of Contract, or within the time to which such completion may have been extended, such Contractor must pay the County the sum hereinafter stipulated ".

" Art. 34. *Mutual Responsibility of Contractors.*— If, through acts of neglect on the part of the Contractor, any other Contractor or any sub-contractor shall suffer loss or damages on the work, the Contractor agrees to settle with such other Contractor or sub-contractor by agreement or arbitration, if such other Contractor or Sub-contractor will so settle. If such other Contractor or Sub-Contractor shall assert any claim against the Owner on account of any damage alleged to have been so sustained, the Owner shall notify the Contractor who shall defend at his own expense any suit based upon such claim and, if any judgment or claims against the Owner shall be allowed, the Contractor shall pay or satisfy such judgment or claim and pay all costs and expenses in connection therewith."

the defendant in the release delivered to the county cannot enlarge or alter the scope of the indemnity clause.

It is the generally accepted rule that the intent to confer a direct benefit on a third party must clearly appear in order to enable such a party, not named in the contract, to recover thereunder (*Beveridge* v. *New York El. R. R. Co.*, 112 N. Y. 1, 26; *Leary* v. *New York Cent. R. R. Co.*, 212 App. Div. 689; *French* v. *Vix*, 143 N. Y. 90; *Weinbaum* v. *Algonquin Gas Transmission Co.*, 20 Misc 2d 276, affd. 285 App. Div. 818; 17 C. J. S., Contracts, § 519, subd. c, par. [2], cl. [c], pp. 1127–1130). We find no such intent in the contract under consideration here. Snyder, therefore, may not maintain this action against Purcell.

The plaintiff's second cause of action, seeking to recover damages for negligence upon the same facts, appears to have been abandoned. In any event, we find it to be insufficient to sustain an action in tort.

Since there is no triable issue, summary judgment dismissing the amended complaint should have been granted.

The order should be reversed on the law, with costs, and the motion for summary judgment dismissing the amended complaint should be granted.

BOTEIN, P. J., RABIN, VALENTE and MCNALLY, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, the motion for summary judgment is granted, with $10 costs, and judgment is directed to be entered dismissing the complaint, with costs.