■ FREDERICK P. BERNAL, Respondent, et al. Plaintiff, v PINKERTON's, INC., Appellant.—Judgment, Supreme Court, New York County, entered on February 5, 1975, unanimously reversed, on the law and on the facts, and vacated, without costs and without disbursements, and the complaint dismissed. In this negligence action, the cause of respondent's injuries is not disputed, i.e., the firing of a shot by an intruder who had entered upon property of the New York Telephone Company, allegedly through a gate which was left unguarded by an employee of defendant. The trial court erred in ruling as a matter of law, to which defense counsel excepted, that "the duties and obligations imposed by the contractual relationship * * * between the defendant and the New York Telephone Company encompassed the personal security of Frederick Paul Bernal, who was an employee of the New York Telephone Company discharging his duties upon the New York Telephone Company's property." The contract provided that respondent was to "Furnish uniformed guards for the proper protection of [New York Telephone] Company facilities and buildings on a yearly basis as required—duties of such guards to be prescribed by the Company. Protection to include prevention and detection of theft, fire, safety hazards and the screening of personnel entering and leaving such facilities and buildings." Before an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect him from physical injury. (Cerullo v Aetna Cas. & Sur. Co., 41 AD2d 1, 4; B. L. W. Realty Holding Co.

*v Socony Mobil Oil Co.,* 32 AD2d 312, 314, affd 26 NY2d 1002; *Ramos v Schumavon,* 21 AD2d 4, affd 15 NY2d 610; *Snyder Plumbing & Heating Corp. v Purcell,* 9 AD2d 505.) It cannot be said as a matter of law that it was the intention of the parties under this contract to provide for the protection of plaintiff. In our view, plaintiff as a matter of law was not a third-party beneficiary of said contract *(Moch Co. v Rensselaer Water Co.,* 247 NY 160). The defendant was hired to protect the New York Telephone Company's facilities and buildings, not to protect plaintiff from physical injury. Further, it cannot be said that the absence of the guard (who, incidentally, was not required to be armed) from his station was the proximate cause of the shooting *(Rivera v City of New York,* 11 NY2d 856, 857). Nor was the incident foreseeable even were we to assume that there was an issue of affirmative negligence in this case *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 343–344; *Morris v Troy Sav. Bank,* 32 AD2d 237, 238, affd 28 NY2d 619). Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.