■ KENNETH BUCKLEY, Appellant, v I.B.I. SECURITY SERVICE, INC., et al., Respondents, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered March 29, 1989, as, upon granting reargument of the motion by the defendants I.B.I. Security Service, Inc., and "John" Jennewin for summary judgment, granted the motion and dismissed the complaint as against those defendants.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff, who was lawfully present in the parking lot at a shopping mall, was injured during the course of a physical confrontation with the defendant Steven Wu. A security guard, armed only with a "walkie-talkie" for communication with fellow employees and whose employer had agreed to provide the mall owners with "guard service", refused to intervene. The plaintiff brought this action, *inter alia,* to recover damages from the security guard and the security guard's employer for his injuries. However, since there was no common-law duty on the part of these defendants to protect the plaintiff and since the contract between the mall owners and the security guard's employer contains no expression of intent to confer a contractual benefit on the plaintiff as a member of the general public, the Supreme Court properly

granted summary judgment to these defendants *(see, Haigler v City of New York,* 135 AD2d 362; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.