■ DAVID M. KAPLAN, Appellant, v DART TOWING, INC., et al., Respondents.—In an action sounding in tort, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Joy, J.), dated November 3, 1988, which denied his motion for partial summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint, and (2) as limited by his brief, from so much of an order of the same court, dated January 26, 1989, as, upon reargument, adhered to the original determination and denied the plaintiff leave to serve an amended complaint.

Ordered that the appeal from the order dated November 3, 1988, is dismissed, as that order was superseded by the order dated January 26, 1989, made upon reargument; and it is further,

Ordered that the order dated January 26, 1989, is modified, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for leave to serve an amended

complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated January 26, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 3, 1988, is modified accordingly; and it is further,

Ordered that the plaintiff's time to serve an amended complaint is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On December 30, 1987, the plaintiff was driving his automobile on the Whitestone Bridge when he experienced engine trouble. He pulled the disabled vehicle to the side of the road and called the defendant Dart Towing, Inc. (hereinafter Dart) for assistance. The defendant Singleton arrived in a Dart tow car, hooked up the plaintiff's vehicle, and permitted the plaintiff to accompany him in the tow car cab.

Singleton radioed his employer, the defendant Martucci, to find out the cost of towing the car to the plaintiff's destination, Flushing Meadows, Queens, and was told that the cost was $75. The plaintiff indicated that he could pay $65 immediately and the balance of $10 on arrival at his destination. Upon being informed of this, the defendant Martucci instructed Singleton to leave the plaintiff and his vehicle where they were. Singleton left the plaintiff and his vehicle on the shoulder of the Whitestone Expressway.

The plaintiff alleges that, due to the extreme weather conditions at the time, he suffered frostbite and severe emotional distress. He filed a claim with the New York City Police Department License Division, and, after an administrative hearing, the defendants were issued a warning.

The plaintiff subsequently instituted the present action, alleging causes of action sounding in prima facie tort, and intentional infliction of severe emotional distress, and demanding punitive damages. The defendants served an answer containing a general denial. The plaintiff then moved for partial summary judgment on the issue of liability, asserting that the determination of the New York City Police Department License Division collaterally estopped the defendants from denying liability. The defendants cross-moved for summary judgment dismissing the plaintiff's complaint.

By order dated November 3, 1988, the Supreme Court denied the plaintiff's motion for partial summary judgment,

finding that the issues determined at the administrative hearing were not identical to those at bar and that the defendants had not had a full and fair opportunity to litigate the issues. The defendants' cross motion was granted, and the complaint dismissed. The plaintiff moved for reargument and for leave to serve an amended complaint. In the order appealed from, dated January 26, 1989, the court granted reargument, upon reargument, adhered to the original determination, and denied the plaintiff leave to serve an amended complaint.

We find that the plaintiff's cause of action sounding in prima facie tort was properly dismissed, as there was no allegation or showing of "disinterested malevolence" on part of the defendants (see, Schlotthauer v Sanders, 143 AD2d 84, 85; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333). The plaintiff's cause of action to recover damages for intentional infliction of severe emotional distress was also properly dismissed, based upon a lack of any allegations or evidence that the defendants' actions were " 'especially calculated to cause' " serious mental distress (Green v Leibowitz, 118 AD2d 756, 757, quoting from Prosser and Keeton, Torts § 12, at 60 [5th ed]).

The plaintiff's contention that he has a cause of action based upon a violation of applicable regulations governing towing services is clearly without merit. The regulations relied upon expressly state that no tow car operator is required to transport the occupants of a disabled vehicle, either in the tow car or in the vehicle being towed.

We find, however, that a sufficient showing has been made to make out a cognizable common-law cause of action sounding in negligence. Although the plaintiff's complaint does not allege that the defendants acted negligently in breach of a common-law duty owed to the plaintiff, the affidavits and supporting papers submitted by the plaintiff in support of his motion, inter alia, for reargument, do make out a prima facie case of common-law negligence. Under New York law, one who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522; Parvi v City of Kingston, 41 NY2d 553, 559). Whether or not the defendants' actions in taking the plaintiff in the tow car and thereafter leaving him in the cold, far from assistance, were negligent is a question of fact upon which rational people might differ (see, Kahn v Gates Constr. Corp., 103 AD2d 438, 445). Thus, leave to serve an amended complaint should have been granted (see, CPLR 3025 [b]; Murray v City of New York,

43 NY2d 400, 404-405; *Island Cycle Sales v Khlopin,* 126 AD2d 516, 518).

The defendants were not collaterally estopped from denying liability in this action based upon the prior administrative hearing. That hearing concerned only the breach of certain of New York City's tow car regulations. Those regulations specifically stated that tow car operators were under no obligation to transport owners or passengers of stranded vehicles. Therefore, the issue of whether or not the defendants assumed and breached a duty of care owed to the plaintiff was not necessarily decided at the prior administrative hearing *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 17). Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.