■ AVRIL SEETRAM et al., Plaintiffs, v VANDERVEER ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. EPIC SECURITY, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated Febru-

ary 6, 1990, which granted the motion of the third-party defendant Epic Security for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The third-party defendant, Epic Security, entered into an oral agreement with the appellants to provide unarmed guard service for the appellants' housing complex. The complex consisted of a total of 2,500 apartments in 59 buildings, each six stories high. The appellants requested two guards on the 7:00 A.M. to 3:00 P.M. and 11:00 P.M. to 7:00 A.M. shifts and three guards on the 3:00 P.M. to 11:00 P.M. shift plus a supervisor in a radio patrol car. At about 2:00 P.M. on February 19, 1986, the plaintiff Avril Seetram was injured when she was shot by an intruder who had entered upon the appellants' property.

Under the facts asserted, there was no breach of the third-party defendant's contractual obligation to provide security for the housing complex. The wanton injury to Mrs. Seetram was not proximately related to the acts or omissions of the third-party defendant or a foreseeable consequence thereof (see, Paradiso v Apex Investigators & Sec. Co., 91 AD2d 929). In addition, on the record before us, the appellants have stated no basis for a cause of action sounding in implied indemnification against the third-party defendant (see, Garrett v Holiday Inns, 58 NY2d 253).

We have examined the appellants' remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.