■ Maryam Abramian et al., Respondents, v Travellers Hotel Associates of LaGuardia, Doing Business as Travellers Hotel, et al., Respondents, NJB Security Services, Inc., Appellant, et al., Defendant. [610 NYS2d 310] —In an action to recover damages for personal injuries, the defendant NJB Security Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated June 15, 1992, as (1) denied its cross motion for summary judgment dismissing the complaint, and all cross claims insofar as asserted against it, and (2) granted the branch of the plaintiffs' cross motion which was to strike the appellant's answer to the limited extent of conditionally precluding the appellant from testifying at trial regarding prior criminal activity at certain premises unless the appellant complied with the plaintiffs' discovery demands.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant, the branch of the plaintiffs' cross motion which was to strike the appellant's answer is denied as academic, and the action against the remaining defendants is severed.

In 1984 the appellant, NJB Security Services, Inc. (hereinafter NJB), entered into an agreement with the codefendant Travellers Hotel (hereinafter the Hotel) to provide unarmed guard service for the Hotel premises. On March 31, 1988, the plaintiff, Maryam Abramian, sustained physical injuries when she was assaulted by an unknown assailant as she exited from an elevator into the lobby of the Hotel. The coplaintiff, Michael Abramian, also sustained physical injuries in his attempt to pursue his wife's attacker. It is undisputed that at the time of the attack there were three guards on patrol in the Hotel, although none of these was in the immediate area where the attack occurred.

The plaintiffs brought this action, *inter alia,* to recover damages from both the Hotel and NJB alleging that the security measures at the Hotel were inadequate. NJB crossmoved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Supreme Court denied NJB's cross motion. We now reverse.

Upon the record before us, we conclude that the plaintiffs' injuries were not proximately related to the acts or omissions of NJB *(see, Seetram v Vanderveer Assocs.,* 184 AD2d 687). Moreover, there was no common-law duty on the part of NJB to protect the plaintiffs, and the agreement between NJB and the Hotel did not clearly intend to confer a direct contractual benefit on the plaintiffs to protect them from physical injury *(see, Buckley v I.B.I. Sec. Serv.,* 157 AD2d 645; *Paradiso v Apex Investigators & Sec. Co.,* 91 AD2d 929; *Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, *affd* 59 NY2d 314; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). Accordingly, NJB was entitled to summary judgment dismissing the plaintiffs' complaint and all cross claims insofar as asserted against it *(see generally, Solomon v City of New York,* 66 NY2d 1026).

In light of our determination, we find it unnecessary to reach the issue of whether or not the Supreme Court properly granted the branch of the plaintiff's motion which was to strike the appellant's answer to the limited extent of directing the appellant to comply with the plaintiffs' discovery demands or be precluded from offering evidence at trial with respect to the matter sought to be discovered. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.