■ Robert Guarcello, an Infant, by His Father and Natural Guardian, Anthony Guarcello, et al., Respondents, v Rouse SI Shopping Center, Inc., et al., Appellants. [612 NYS2d 239] —In an action to recover damages for personal injuries, etc., the defendant Time-Out Family Amusement Center, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated June 11, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and all cross claims asserted against it, and the defendant Rouse SI Shopping Center, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the motion of the defendant Time-Out Family Amusement Center, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it, and substituting therefor a provision granting that branch of the motion and dismissing the plaintiff's complaint insofar as it is asserted against the defendant Time-Out Family Amusement Center, Inc.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs brought this action to recover for personal

injuries the infant plaintiff suffered as a result of being assaulted by a group of youths who were loitering in the corridor of the Staten Island Mall, outside the Time-Out video arcade, and outside the entrance of the mall.

We find that the infant plaintiff's injuries were not proximately related to the acts or omissions of the defendant Time-Out Family Amusement Center, Inc. (hereinafter Time-Out) *(see, Seetram v Vanderveer Assocs., 184 AD2d 687)*. Further, there was no common-law duty to protect the infant plaintiff, and, even assuming that the infant plaintiff claimed status as an intended third-party beneficiary of the lease between the defendants, since that lease explicitly negated any intent to confer contractual rights upon third parties, Time-Out did not assume a duty of care to prevent foreseeable harm to the infant plaintiff *(see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226)*. However, the cross claims of the defendant Rouse SI Shopping Center, Inc., the shopping mall owner, against Time-Out are not dismissed, since Time-Out, as the tenant, may have some obligation to the shopping mall, as landlord, under the terms of the lease.

On the other hand, there remains a question of fact as to whether the shopping mall owner owed the infant plaintiff a duty to take minimal precautions to protect him from the reasonably foreseeable criminal acts of third parties *(see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519; see also, Provenzano v Roslyn Gardens Tenants Corp., 190 AD2d 718, 720)*. There is evidence that the shopping mall owner was aware of the continuing problem of "gangs" of youths loitering around the mall entrance and outside the Time-Out video arcade, which was in the immediate vicinity of the entrance, and that these youths frequently became involved in violent altercations. Further, the record indicates that at least one person who had previously been ejected by mall security from the premises for his involvement in other violent altercations was also involved in the assault upon the infant plaintiff. Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.