■ CHARLEEN F., Appellant, v CORD MEYER DEVELOPMENT CORP. et al., Respondents. [622 NYS2d 555] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated June 9, 1993, which, *inter alia,* granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Around 4:00 P.M. on a weekday, the plaintiff, an employee of a lingerie store located in a shopping center, was raped at gunpoint by Carlos Rodriguez in front of other store employees during a robbery. The owner of the store in which the plaintiff worked executed a lease with the defendant Cord Meyer Development Corp. which required the lessor to police and patrol the shopping center parking area. The defendant Winfield Security Corp. was employed to perform such patrols. The plaintiff commenced this action against the defendants for negligence in failing to protect her from the attack.

" 'Before an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect [her] from physical injury' " *(Pagan v Hampton Houses,* 187 AD2d 325; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). Here, the lease agreement did not create a contractual duty upon the defendants to patrol the inside of the store where the crime occurred. Furthermore, the plaintiff failed to establish that the defendants had reason to know from past experience that there was a likelihood that a store employee or customer would be attacked by a third party or would be endangered *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). The Supreme Court properly granted the defendants' motions for summary judgment dismissing the complaint, as the plaintiff failed to demonstrate the existence of a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 560). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.