■ GUSTON FURS LTD., Appellant, v COMET REALTY CORP. et al., Respondents. [640 NYS2d 485]

Proof that defendant alarm company did not enter the building in which plaintiff was a tenant after receiving an alarm from plaintiff's premises was insufficient to raise an issue of fact as to whether the alarm company was grossly negligent, and therefore liable for the value of plaintiff's stolen goods despite the contract clause exculpating it for negligence, in the face of other proof that the alarm company did dispatch a guard to the building, notify the police and twice attempt to contact plaintiff (*Silberberg Galleries v Holmes Protection*, 84 NY2d 859; *see, Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821; *compare, Green v Holmes Protection*, 216 AD2d 178; *Hanover Ins. Co. v D & W Cent. Sta. Alarm Co.*, 164 AD2d 112). Summary judgment was also properly granted in favor of defendant security guard service, whose contract with the owner limited its services to the lobby of the building. There was no evidence that it assumed a special duty of care to plaintiff (*see, Rudel v National Jewelry Exch. Co.*, 213 AD2d 301, citing *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226-227). Furthermore, assuming arguendo that defendants security guard service, managing agent and owner did owe plaintiff a duty of care, plaintiff's causes of action against them must still fail absent any evidence as to how the burglars gained entry to the building or otherwise showing a causal connection between defendants' negligence, if any, and plaintiff's loss (*see, Pagan v Hampton Houses*, 187 AD2d 325; *Rojas v Lynn*, 218 AD2d 611). Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.