■ ELAINE HARPER, Appellant, v WELLS FARGO GUARD & INVESTIGATIVE SERVICES, INC., Respondent. [640 NYS2d 220] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated January 26, 1995, as, upon reargument, adhered to a prior determination of the same court dated May 10, 1994, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, Wells Fargo Guard & Investigative Services, Inc., entered into a contract with New York City Technical College (hereinafter the college) to provide unarmed security guard services on the college's campus. On August 12, 1986, a student entered several buildings on the campus and, within fifteen minutes, shot several of the college's employees. The plaintiff was injured when she was shot in the head. She alleged that the security guards negligently performed their duties and that she should have been protected from this violent student.

Given the facts of this case, there was no breach of the defendant's contractual obligation to provide security guard services to the college. There is no evidence in the record that the student in question had acted violently in the past or that the security guards were aware of his violent propensities. The wanton attack on the plaintiff was not proximately related to the acts or omissions of the defendant's employees, nor was it a foreseeable consequence thereof (*see, Abramian v Travellers Hotel Assocs.,* 203 AD2d 398; *see also, Seetram v Vanderveer Assocs.,* 184 AD2d 687; *Paradiso v Apex Investigators & Sec. Co.,* 91 AD2d 929; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.