■ JEFFREY BOLTZ, Appellant, v NATIONAL AMUSEMENTS, INC., et al., Respondents. (And a Third-Party Action.) [642 NYS2d 90] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 20, 1995, which granted the separate motions of the defendants National Amusements, Inc., and Aero Investigations and Security Services, Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs to the respondent National Amusements, Inc., payable by the appellant.

The Supreme Court properly granted the motion of the defendant National Amusements, Inc. (hereinafter National) for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff failed to present evidence in admissible form creating a genuine question of fact regarding the foreseeability of the assault perpetrated on him by a third person while in the lobby of the cinema owned and operated by National. Therefore, National cannot be liable to the plaintiff for its failure, if any, to take minimal security precautions to protect its patrons from criminal acts of third persons (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519; *Fontana v Falides Assocs.,* 202 AD2d 631; *Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718, 720).

The defendant Aero Investigations and Security Services, Inc. (hereinafter Aero) was also entitled to summary judgment dismissing the plaintiff's complaint insofar as asserted against it. There was no common-law duty on the part of Aero to protect the plaintiff, and the security agreement between Aero and National did not confer a direct contractual benefit on the plaintiff to protect him from physical injury (*see, Guarcello v Rouse SI Shopping Ctr.,* 204 AD2d 685; *Abramian v Travelers Hotel Assocs.,* 203 AD2d 398; *Buckley v I.B.I. Sec. Serv.,* 157 AD2d 645). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.