OPINION OF THE COURT
Thomas V. Polizzi, J.
In this action to recover damages for personal injuries, defendant Halls Security seeks an order granting summary judgment dismissing the complaint and all cross claims. Codefendant, the City of New York, cross-moves for an order granting summary judgment dismissing the complaint and all cross claims.
Plaintiff Natale Macaluso sustained personal injuries on July 1, 1993, at approximately 8:30 p.m., when, during the course of his employment at Queensborough Community College, he was assaulted by three men at or near parking lot number four on the campus. Mr. Macaluso testified at his deposition that he observed three men removing a parking decal from a vehicle in the lot, that he instructed them to stop, that the men drove over to him, and that following a verbal dispute, *130 he was assaulted. Mr. Macaluso sustained a broken jaw and other injuries. The three assailants were never identified or apprehended. On the night of July 1, 1993, Halls Security employed a guard at the parking lot entrance, who monitored entering traffic from inside a booth, and a dispatcher. The area where plaintiff was assaulted was not visible from this guard booth. On the night of July 1,1993, Queensborough Community College also employed two security officers who patrolled the campus on scooters, and an assistant security director. Queens-borough Community College is operated by the City University of New York (hereinafter CUNY). The local sponsor for all CUNY two-year colleges is the City of New York, which holds title to the buildings, grounds and equipment provided for the purposes of the college. (8 NYCRR 604.1 [c]; see also, Matter of Apollon v Giuliani, 168 Misc 2d 363.) CUNY, however, has the "care, custody, control, and management of the lands, grounds, buildings, facilities and equipment used for the purposes of the educational units of the city university and it shall have the power to protect, preserve and improve the same.” (Education Law § 6203.)
Defendant Halls Security entered into a contract with the City of New York to provide certain security services on the campus of Queensborough Community College.
Plaintiff Natale Macaluso alleges that defendants Halls Security and the City of New York were negligent in that they failed to provide reasonable and adequate security in parking lot number four and failed to properly train the security personnel. Plaintiff Anna Macaluso seeks to recover damages for loss of services and loss of consortium.
Defendant Halls Security now seeks an order dismissing the complaint on the grounds that it properly provided a person to monitor vehicles entering the campus and that it did not have a duty to provide roving patrols on the campus.
Defendant City of New York cross-moves for an order dismissing the complaint on the grounds that it is not a proper party defendant. It is asserted that CUNY, a separate legal entity, is responsible for wrongful acts which occur within Queensborough Community College and not the City of New York. It is further asserted that plaintiff cannot establish that the City owed him a special duty to insure his safety and, therefore; cannot maintain this claim.
Plaintiff, in opposition, asserts that defendant Halls Security’s duties, pursuant to its contract with the City of New York, included providing patrols of the campus grounds, buildings *131 and parking areas. Plaintiff, therefore, asserts that Halls Security assumed the duty to protect the plaintiff and that it performed its duty in a negligent and careless manner. Plaintiff also asserts that Halls’ motion for summary judgment is untimely.
This case is presently on the Trial Calendar, plaintiffs having filed a note of issue on November 1, 1996. The within motion for summary judgment was served on May 6, 1997. Defendant Halls Security’s motion for summary judgment was properly made, as the new provisions contained in CPLR 3212 (a) are not retroactive. CPLR 3212 (a) was amended on August 8, 1996 and became effective on January 1, 1997. The statute now provides that a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.” (CPLR 3212 [a].) Statutes are presumed to operate prospectively and, in the absence of any specific language to the contrary, are not to be given retroactive effect. CPLR 3212 (a) does not contain any retroactive language and, therefore, its provisions apply only to a note of issue which is filed after January 1, 1997. (See, Carlstrand v Kerwin, NYLJ, Mar. 12, 1997, at 31, col 3 [Sup Ct, Nassau County, Collins, J.]; cf., Murphy v Board of Educ., 104 AD2d 796; McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [c].)
The court finds that the City of New York is a proper party to this action, as it is the "local sponsor” of Queensborough Community College and, therefore, holds title to the buildings, grounds and equipment provided for the purposes of the college. (8 NYCRR 604.1 [c].)
It is well settled that in order to establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately caused by the breach. (Boltax v Joy Day Camp, 67 NY2d 617; Solomon v City of New York, 66 NY2d 1026.) A person who possesses realty either as an owner or a tenant has a duty to exercise reasonable care under the circumstances, and to maintain the property in a safe condition. That duty includes an obligation to take minimum precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons. (Miller v State of New York, 62 NY2d 506; Nallan v Helmsley-Spear, Inc., 50 NY2d 507.) The possessor of realty, however, is not an insurer of those who enter upon such realty. Therefore, a landlord’s duty to take protective measures depends on whether he has reason to *132 know from the prior history of criminal activities on the premises or in near proximity that there is a likelihood of criminal conduct which would endanger the safety of a tenant, or a visitor. (See, Jacqueline S. v City of New York, 81 NY2d 288, 294-295.)
Plaintiffs have failed to present any evidence of recurrent violent criminal activity that would require the City of New York to take protective measures, other than those provided. Plaintiffs have also failed to establish that the assailants were unlawfully on the premises. Defendant City of New York took minimal security precautions by having security guards who maintained a presence on the premises. The security guards were not required to perform police functions and there is no evidence that the presence of security guards somehow placed plaintiff in a more vulnerable position than he would have been had defendant taken no action at all. (See, Jacqueline S. v City of New York, supra; Nallan v Helmsley-Spear, Inc., supra, at 521-523; Vangeli v Schneider, 194 AD2d 916.) The court, therefore, finds that defendant City of New York did not breach any duty owed to the plaintiffs.
The court further finds that even if plaintiff was a third-party beneficiary of the contract between Halls Security and the City of New York, it cannot be concluded that Halls Security could have reasonably expected, anticipated or prevented the attack upon Natale Macaluso. (See, Moberg v New York Yankees, 218 AD2d 731; see also, Harper v Wells Fargo Guard & Investigative Servs., 226 AD2d 345.) To the extent that plaintiffs assert that Halls Security failed to provide campus patrols as required by their contract, this claim, at the most, constitutes a breach of contract and does not raise any triable issues of fact as regards the claim of negligence.
In view of the foregoing, defendant Halls Security’s motion to dismiss the complaint and all cross claims is granted. Defendant City of New York’s cross motion to dismiss the complaint and all cross claims is granted.