■ AUDREY JAROSZ et al., Appellants, v 3135 JOHNSON TENANT OWNERS CORP. et al., Respondents, et al., Defendants. [667 NYS2d 752] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 5, 1997, which granted defendants-respondents' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs' claims for injuries suffered as a result of inadequate security in a garage located in a building owned and managed by defendants were properly dismissed upon plaintiffs' admission that they are unable to offer any proof that the assailant was an intruder and not a guest of a building tenant or otherwise a person authorized to be in the garage (*see, Kirsten M. v Bettina Equities Co.*, 222 AD2d 201, 202, *lv denied* 88 NY2d 813; *Rojas v Lynn*, 218 AD2d 611, *lv denied* 87 NY2d 804). Moreover, assuming, as plaintiff argues, that proof of unauthorized entry is obviated by proof of a prior criminal history indicating a need for greater security measures at the crime scene, we agree with the IAS Court that the criminal activities shown here—telephone harassment, assault with a broom, and petit larceny, all involving acquaintances in the residential portion of defendants' building, car-related crimes that occurred on the street or in defendants' nearby outdoor parking lot, and robberies that occurred in the street involving the same victim who was known to carry large sums of money— were so dissimilar in nature from the violent attack upon plaintiffs as to be insufficient, as a matter of law, to raise a triable factual issue as to foreseeability (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 295). The past experience plaintiffs rely on required no more than the "minimal security measures" (*see, Miller v State of New York*, 62 NY2d 506, 513) that defendants did provide, namely, both pedestrian and automobile doors that were kept locked and required either a key or electronic "clicker" to open, and a flyer that was circulated to the garage tenants advising them to make sure both doors were kept shut. Concur—Milonas, J. P., Rosenberger, Williams and Mazzarelli, JJ.