■ HECTOR M. MARUN et al., Respondents, v SUNRISE MALL ASSOCIATES et al., Appellants, et al., Defendants. [671 NYS2d 337] —In an action to recover damages for personal injuries, etc., the defendant American Safety Management appeals from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated March 26, 1997, as denied its motion for summary

judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Sunrise Mall Associates separately appeals from the same order.

Ordered that the appeal of the defendant Sunrise Mall Associates is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant American Safety Management, on the law, that defendant's motion is granted, the complaint and cross claims are dismissed insofar as asserted against it, and the action against the remaining defendant is severed; and it is further,

Ordered that American Safety Management is awarded one bill of costs.

In this case, "the contract between the mall owners and the security [company] contains no expression of intent to confer a contractual benefit on the plaintiff as a member of the general public" (Buckley v I.B.I. Sec. Serv., 157 AD2d 645). There is, therefore, no basis in contract law on which to impose liability upon the defendant American Safety Management (hereinafter American Safety) (see, Buckley v I.B.I. Sec. Serv., supra; see also, King v Resource Prop. Mgt. Co., 245 AD2d 10; Boltz v National Amusements, 227 AD2d 363; Guarcello v Rouse SI Shopping Ctr., 204 AD2d 685; Abramian v Travellers Hotel Assocs., 203 AD2d 398). Further, under the particular facts presented here, there is no issue of fact as to whether American Safety's employees created a special relationship with the injured plaintiff or undertook a special duty upon which the injured plaintiff detrimentally relied (see generally, Sostre v City of N. Y. Hous. Auth., 150 AD2d 766; see also, Guston Furs v Comet Realty Corp., 225 AD2d 417; cf., Bloom v City of New York, 123 AD2d 594). Bracken, J. P., O'Brien, Pizzuto and Joy, JJ., concur.