■ Matthew Mulvihill, Appellant, v Wegmans Food Markets, Inc., Also Known as Wegmans, Respondent. [698 NYS2d 130] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiff was assaulted by a group of males in defendant's parking lot at approximately 2:00 A.M. Plaintiff alleged that defendant was negligent in failing to provide adequate security to prevent the attack. Defendant has no duty "to take protective measures unless it is shown that [it] either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' (Restatement, Torts 2d, § 344, comment *f*)" (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). Although the past criminal activity need not be at the same location or of the same type, a court should consider "the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (*Jacqueline S. v City of New York,* 81 NY2d 288, 295, *rearg denied* 82 NY2d 749). The incidents that occurred in the parking lot and the store during the three years before plaintiff's assault "were so dissimilar in nature from the violent attack upon plaintiff[ ] as to be insufficient, as a matter of law, to raise a triable factual issue as to foreseeability" (*Jarosz*

*v 3135 Johnson Tenant Owners Corp.,* 246 AD2d 488; *see, Gray v Forest City Enters.,* 244 AD2d 974; *Polomie v Golub Corp.,* 226 AD2d 979, 980). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present— Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.