■ JOHN PASCARELLI, Appellant, v LAGUARDIA ELMHURST HOTEL CORP., Doing Business as DAYS INN-LAGUARDIA, et al., Respondents. [742 NYS2d 98] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dye, J.), entered February 1, 2001, which, upon the granting of the motion of the defendant Burns Security, Inc., and the separate motion of the defendants LaGuardia Elmhurst Hotel Corp., doing business as Days Inn-LaGuardia and Airport Innkeepers, Inc., pursuant to CPLR 4404 to set aside a jury verdict in his favor as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

At approximately 11:30 P.M., the plaintiff was assaulted by two unidentified individuals on the sixth floor of a hotel owned by the defendant LaGuardia Elmhurst Hotel Corp., doing business as Days Inn-LaGuardia, and managed by the defendant Airport Innkeepers, Inc. (hereinafter collectively the hotel). Pursuant to an oral or written agreement, the defendant Burns Security, Inc. (hereinafter Burns), provided security guard services on the premises of the hotel.

After a trial on the issue of liability, the jury found that both

the hotel and Burns were negligent. Burns moved and the hotel separately moved pursuant to CPLR 4404 to set aside the jury verdict in the plaintiff's favor as a matter of law. The motions were granted and the plaintiff appeals.

The trial court correctly granted the defendants' motions because the plaintiff failed to produce sufficient evidence to demonstrate that the type of criminal conduct to which he was subjected was foreseeable (*see generally Jacqueline S. v City of New York,* 81 NY2d 288, 293-294; *Benitez v Sheraton Smithtown Hotel,* 272 AD2d 564, 565; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 153; *cf. Kender v Taj Mahal Hotel,* 234 AD2d 518).

A hotel has a duty to take precautions against "a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 548; *cf. Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520; *Donohue v Seaman's Furniture Corp.,* 270 AD2d 451; *Rios v Jackson Assoc.,* 259 AD2d 608, 609). However, the evidence of break-ins of cars in the parking lot of the hotel and removal of vagrants from the lobby was insufficient to establish that the assault upon the plaintiff was foreseeable (*see Jacqueline S. v City of New York, supra* at 295; *Donohue v Seaman's Furniture Corp., supra; Lind v Suffolk County Water Auth.,* 251 AD2d 295, 296; *Jarosz v 3135 Johnson Tenant Owners Corp.,* 246 AD2d 488).

Additionally, the Supreme Court correctly set aside the jury verdict as against Burns since Burns did not owe a common-law duty to protect the plaintiff, and the plaintiff did not show that he was a third-party beneficiary of any agreement between Burns and the hotel (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *Haston v East Gate Sec. Consultants,* 259 AD2d 665; *O'Gorman v Gold Shield Sec. & Investigation,* 221 AD2d 325, 326; *Abramian v Travellers Hotel Assoc. of LaGuardia,* 203 AD2d 398; *Buckley v I.B.I. Sec. Serv.,* 157 AD2d 645; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938).

The plaintiff's remaining contentions are without merit. Altman, J.P., McGinity, Townes and Crane, JJ., concur.