■ IRENE DURHAM, Appellant, v SONETTE BEAUFORT et al., Defendants, COMMAND SECURITY CORP., Respondent, and CORPORATE PROPERTY INVESTORS et al., Defendants and Third-Party Plaintiffs-Respondents. G&G SHOPS, INC., et al., Third-Party Defendants-Respondents. [752 NYS2d 88] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered September 19, 2001, as granted the separate motions of the defendant Command Security Corp. and the defendants Corporate Property Investors and Pembrook Management, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and denied her motion for leave to extend the time to file a note of issue.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, an employee of the third-party defendants G&G Shops, Inc., and Petrie Retail, Inc., was assaulted by the defendants Sonette Beaufort and Sean Mason during a customer dispute inside the shop where she worked at the Roosevelt Field Mall (hereinafter the Mall) in Nassau County. Prior to this incident, the defendant Command Security Corp. (hereinafter Command) entered into an agreement with the co-defendant Corporate Property Investors (hereinafter CPI), the owner of the Mall, to provide unarmed security guard service at the Mall. The plaintiff commenced this action against Command, CPI, and Pembrook Management, Inc. (hereinafter Pembrook), to recover damages for negligence alleging, inter alia, that they failed to intervene or stop the attack.

The Supreme Court properly granted Command's motion for summary judgment dismissing the complaint insofar as as-

serted against it. Command owed no common-law duty to protect the plaintiff from injury (*see Haston v East Gate Sec. Consultants,* 259 AD2d 665; *Buckley v I.B.I. Sec. Serv.,* 157 AD2d 645). Furthermore, Command did not assume any contractual duty to protect the plaintiff. The contract between CPI and Command contains no expression of intent to confer a contractual benefit on the plaintiff as an employee of a merchant or store at the Mall (*see Haston v East Gate Sec. Consultants, supra; Marun v Sunrise Mall Assoc.,* 249 AD2d 519; *Charleen F. v Cord Meyer Dev. Corp.,* 212 AD2d 572; *Abramian v Travellers Hotel Assoc. of LaGuardia,* 203 AD2d 398; *Buckley v I.B.I. Sec. Serv., supra*).

Furthermore, the Supreme Court properly granted the motion of CPI and Pembrook for summary judgment dismissing the complaint insofar as asserted against them. While landlords have a common-law duty to take minimal precautions to protect tenants and visitors from foreseeable harm including a third party's foreseeable criminal conduct, it must be established that the landlord knew or should have known of past criminal conduct on the part of third persons which was likely to be repeated and thereby endanger the safety of those lawfully on the premises (*see Jacqueline S. v City of New York,* 81 NY2d 288, 293-294; *Daly v City of New York,* 227 AD2d 432). Evidence of prior shoplifting incidents in the shop where the plaintiff worked and a robbery at the opposite end of the Mall were insufficient to establish that the vicious assault upon the plaintiff was foreseeable (*see Pascarelli v LaGuardia Elmhurst Hotel Corp.,* 294 AD2d 343; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149; *Jarosz v 3135 Johnson Tenant Owners Corp.,* 246 AD2d 488).

The Supreme Court also properly denied the plaintiff's motion for leave to extend the time to file a note of issue. The plaintiff contends that the motions for summary judgment should have been delayed so as to allow additional time for discovery. However, the plaintiff failed to demonstrate that any "facts essential to justify opposition may exist" which at that time could not be stated (CPLR 3212 [f]). Therefore, she was not entitled to denial of the motions on the basis that further discovery was necessary (*see Rodriguez v City of New York,* 295 AD2d 590; *Cooper v City of New York,* 293 AD2d 704; *Berrios v Kobal,* 262 AD2d 514). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.