◼ SHAMIM MIRZA, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY et al., Defendants, and RICHARD A. PAREDES, Individually and Doing Business as SWAT WATCHGUARD APPREHENSION TEAM, et al., Respondents. [770 NYS2d 384]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (LeVine, J.), dated October 29, 2002, which granted the motion of the defendants SWAT Security Group, Inc., and Richard A. Paredes, individually and doing business as SWAT Security Watchguard Apprehension Team, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the complaint insofar as asserted against SWAT Security Group, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint insofar as asserted against SWAT Security Group, Inc., is reinstated.

The defendant SWAT Security Group, Inc. (hereinafter SWAT), was hired by the organizer of a festival held in a church school auditorium in Queens to provide security guards for the event. The plaintiff alleged, inter alia, that he was involved in an altercation with a group of young men inside the school, that the security guards forced him to leave the safety of the school, and that thereafter he was pursued and stabbed in the street by members of this group of men.

The Supreme Court properly determined that SWAT established that it owed no contractual duty to protect the plaintiff, and the plaintiff failed to raise a triable issue of fact as to whether the agreement between SWAT and the festival organizer was intended to confer a benefit on him as a member of the general public (see Duff v Grenadier Realty Corp., 247 AD2d 577 [1998]; Abramian v Travellers Hotel Assoc. of LaGuardia, 203 AD2d 398 [1994]; Buckley v I.B.I. Sec. Serv., 157 AD2d 645 [1990]).

However, SWAT failed to submit evidence sufficient to establish as a matter of law that it owed no common-law duty to the plaintiff, therefore, the Supreme Court erred in granting its motion to dismiss the complaint. "[O]ne who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully" (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522 [1980] [internal quotation marks omitted]). The deposition testimony submitted by SWAT in support of its motion presented a question of fact as to whether the actions of the security guards in allegedly forcing the plaintiff to leave the school placed him in a more vulnerable position than if they had taken no action (see Nallan v Helmsley-Spear, Inc., supra; Gauthier v Super Hair, 306 AD2d 850 [2003]; Thrane v Haney, 264 AD2d 926 [1999]; Kaplan v Dart Towing, 159 AD2d 610 [1990]; cf. Heard v City of New York, 82 NY2d 66, 72-73 [1993]).

If the security guards assumed a duty of care, then SWAT would be liable for their negligent acts under the doctrine of respondeat superior (*see Cohen v Heritage Motor Tours,* 205 AD2d 105 [1994]).

The Supreme Court properly dismissed the complaint insofar as it was asserted against Richard Paredes, individually and doing business as SWAT Security Watchguard Apprehension Team. Paredes presented unrebutted evidence that he was not an owner or principal of SWAT and that he was not present in the school on the night of the incident. In opposition, the plaintiff failed to present evidence sufficient to establish a triable issue of fact as to his liability.

We decline to consider SWAT's contentions on appeal regarding the alleged cross claim asserted against it by the defendants Harun Rashin and Alladin Sweets & Restaurant, Inc. SWAT's contentions regarding the validity of the cross claim were made for the first time in its reply papers (*see Peterkin v City of New York,* 293 AD2d 244 [2002]) and were not addressed by the Supreme Court. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.