Johnson v Cummings (2022 NY Slip Op 03445)





Johnson v Cummings


2022 NY Slip Op 03445


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 36392/17 Appeal No. 16026 Case No. 2021-01017 

[*1]Matthew Johnson, Plaintiff-Appellant,
v
Leonie Cummings, Defendant-Respondent, Wade Cummings, Defendant.


O'Hare Parnagian LLP, New York (Andrew C. Levitt of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown (Christi M. Kunzig of counsel), for respondent.



Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered March 5, 2021, which granted defendant Leonie Cummings's (defendant) motion for summary judgment dismissing the complaint against her and denied plaintiff's cross motion to compel or preclude as moot, unanimously affirmed, without costs.
Plaintiff sustained injuries during an altercation with defendant Wade Cummings that occurred on the stairway outside the apartment of plaintiff's girlfriend, Wade's sister. Defendant, the mother of Wade and the girlfriend, owned the building where the altercation occurred and lived in the basement apartment. Plaintiff alleged that defendant breached her duty as the landowner to take minimal security precautions to protect users of the premises from foreseeable harm, including injury caused by the reasonably foreseeable criminal acts of third persons (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550-551 [1998]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-519 [1980]). In support of her motion for summary judgment dismissing the complaint against her, defendant submitted evidence demonstrating that she had no reason to anticipate that Wade would assault plaintiff, because there was no evidence that Wade had a prior history of physical violence towards plaintiff or anyone else (see Piazza v Regeis Care Ctr., L.L.C., 47 AD3d 551, 553 [1st Dept 2008]). The only evidence submitted by plaintiff of prior criminal activity in the building or by Wade was that six months before the assault, Wade broke into his sister's apartment while she was away, because he believed he had a right to use a room in the apartment. Defendant's knowledge of that incident is insufficient as a matter of law to raise a factual issue as to the foreseeability of Wade's assault on plaintiff (see Bonano v XYZ Corp., 261 AD2d 280, 280-281 [1st Dept 1999]; Jarosz v 3135 Johnson Tenant Owners Corp., 246 AD2d 488 [1st Dept 1998]).
In addition, defendant demonstrated prima facie that the outer door to the premises had a working lock, and that Wade did not have a key to the premises at the time of the assault. In opposition, plaintiff made no showing that Wade used a key to gain entrance to the premises or that the security measures in place were otherwise deficient (see Mason v Carlisle Realty Corp., 236 AD2d 226, 226 [1st Dept 1997]).
In light of its determination to grant defendant's motion for summary dismissal of the complaint against her, the court correctly denied plaintiff's cross motion to compel discovery as moot (see e.g. Flame S.A. v Worldlink Intl. [Holding] Ltd., 107 AD3d 436, 438 [1st Dept 2013], lv denied 22 NY3d 855 [2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022