■ ABRAM LIWER et al., Respondents, v. ROXY CLEANERS & DYERS CO., INC., et al., Appellants.— Appeal by the defendants from a judgment in favor of the plaintiffs entered in the Albany County Clerk's office as the result of an action to recover for personal injuries sustained by the plaintiff Chawa Liwer and special damages and loss of services sustained by Abram Liwer. The cases were tried before BOOKSTEIN, J., and a jury commencing on September 19, 1957. At the time of the argument in this court no brief was filed by the defendant, Anthony Pellegrino, his attorney being present and advising they were submitting on the codefendant's brief. The injuries were alleged to have been sustained on August 20, 1954, when the plaintiff Chawa Liwer came in contact with gratings in the sidewalk in front of the premises at 455 Washington Avenue in the city of Albany, New York. The property was owned by the defendant Anthony Pellegrino (hereinafter referred to as owner) and the defendant Roxy Cleaners & Dyers Co., Inc. (hereinafter referred to as tenant) was one of the tenants in possession. From the exhibits before the court, it appears that there was a center entrance to the said tenant's establishment, on both sides of which were plate-glass windows and in front of which and as part of the sidewalk were iron gratings which according to the testimony had in the past been used for an entrance into the cellarway and at present for the purpose of light and air. It is the contention of the plaintiffs that flanges extended outward from the gratings and one of these at the time of the accident was raised above the level of the sidewalk, as is shown and demonstrated in the exhibits, and it is the contention of the plaintiff Chawa Liwer that in coming out of the tenant's establishment and in attempting to turn and go along the sidewalk, her foot came in contact with this flange causing her to fall and receive the personal injuries complained of. As part of the pleadings, the defendant owner set up a cross complaint against the defendant tenant, the purpose being that in the event of a judgment against the said pleader, there should be judgment over, against and from the defendant tenant. During the trial, the said cross complaint was discontinued without prejudice and after the verdict was returned nothing further was done with reference to this part of the pleadings so that the judgment now remains against both defendants. The only question raised by the defendant tenant is the question of notice. In this respect, it appears from the testimony that the defendant owner had purchased the property in 1935 and that he visited there on the average of two to three times a week. It was further shown that the defendant tenant took possession in 1946, continued thereafter and in June, 1954 a written lease was entered into and executed between the parties, certain portions of the said lease being read into evidence at the trial. The owner's testimony was entirely negative; that he had never noticed anything wrong about the grates. Arthur Tabakian,

the store manager of the tenant for the city of Albany, visited among other locations the one in question each day. He was examined before trial, which deposition was read into the record. At that time he was shown a picture of the gratings and was asked if "The condition they were in on August 20, 1954, was the same condition they were in during the time the store was located there", to which he replied "Yes". The exhibit became known as plaintiff's Exhibit No. 1 and was likewise used at the time of the trial and showed the condition alleged by plaintiffs. The condition that existed at the time of plaintiff's fall was testified to not only by herself but by two police officers who came there. It has long been established that under conditions existing as evidenced by the testimony, the question of notice in relation to the claim of negligence in the performance of a duty is for the jury's determination. It has also been held under similar conditions that there is a correlative duty of preventing a sidewalk from becoming dangerous to those using the street on the part of landlord and tenant. (*Gelof* v. *Morgenroth,* 130 App. Div. 17, 19, 20; *Olivia* v. *Gouze,* 285 App. Div. 762, 766, 1 N Y 2d 811.) Under the circumstances here, an alleged patent defect, where the defendant owner had the opportunity of both actual and constructive notice and where the defendant tenant, the plaintiff Chawa Liwer being one of its customers, had the opportunity of notice, it presented a question of fact for the jury. Judgment appealed from affirmed, with costs to the respondents. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.