■ JEANNE D. GURRIELL et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents. (Action No. 1.) JEANNE D. GURRIELL et al., Appellants, v AMFAR ASPHALT CORPORATION et al., Respondents. (Action No. 2.)—In two consolidated actions to recover damages for personal injuries, etc., the plain-

tiffs appeal from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered June 20, 1985, which (1) upon the motion of the defendant Amfar Asphalt Corporation, made at the close of the plaintiffs' case, dismissed the complaint as to that defendant, (2) upon the motion of the defendant Greenlawn Water District, made at the close of all the evidence, dismissed the complaint as to that defendant, and (3) upon a jury verdict in favor of the defendant Town of Huntington, after a trial on the issue of liability only, dismissed the complaint as to that defendant.

Ordered that the judgment is affirmed, with one bill of costs.

The instant negligence actions arose from an incident on September 27, 1981, in which the plaintiff Jeanne Gurriell fell into a three-inch-deep hole while walking on a street in the Town of Huntington. At the bottom of the hole was a water valve cover belonging to the Greenlawn Water District. The cover of the valve apparently had not been raised to grade after the street was resurfaced in 1974. Mrs. Gurriell and her husband commenced an action against the town and water district to recover for the injuries suffered in the fall, and a second action was commenced against the defendant Amfar Asphalt Corporation (hereinafter Amfar), the contractor which had resurfaced the street seven years earlier. The actions were consolidated and went to trial before a jury, but only the case against the town was submitted to the jury, which found for the town. The case against Amfar was dismissed on its motion at the close of the plaintiffs' evidence, and the case against the water district was dismissed on its motion at the close of all the evidence.

We conclude that the motion for judgment in favor of the water district was correctly granted. Evidence was adduced at the trial establishing that when the water district received a complaint regarding a valve cover which was below grade, the district assumed the responsibility of effecting the necessary repairs. However, the record is devoid of any evidence tending to show that the district had received actual or constructive notice of the allegedly defective condition in this case at a time sufficiently prior to the date of the accident to permit it to take corrective action (see, Farley v Mayor of City of New York, 152 NY 222; Liwer v Roxy Cleaners & Dyers Co., 6 AD2d 931, lv denied 5 NY2d 705). While there was testimony from a homeowner that she had complained about the depression to a man who came to read her water meter, this did not establish notice because she had no idea when she had made the complaint. The plaintiffs also failed to show constructive

notice because there was no evidence that the water district had any duty to inspect the valve cover and no showing that the condition was so patently defective that a water district employee would have been put on notice of the potential danger (see, Harris v Village of E. Hills, 41 NY2d 446).

We further conclude that the motion for judgment in favor of Amfar was properly granted as well. The evidence established that in 1974 Amfar completed its repaving contract and its work was accepted by the town. There was no evidence of a contractual duty on the part of Amfar to raise water valve covers, manhole covers and the like to grade level. Although a contractor may incur liability for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street (see, Brown v Welsbach Corp., 301 NY 202), the plaintiffs simply failed to prove that Amfar breached a duty and thus created a dangerous condition through an affirmative act of negligence in the performance of the contract.

Finally, we hold that the trial court did not err in denying a motion by the plaintiffs to set aside the jury verdict in favor of the town on the ground that it was against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.