■ LENA GORDON, Appellant, v DOROTHY MUCHNICK, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dunkin, J.), dated December 19, 1989, which, upon a ruling granting the defendant's motion for judgment as a matter of law, made at the close of the trial evidence, is in favor of the defendant and against her.

Ordered that the judgment is reversed, on the law, with costs, and a new trial is granted, with costs to abide the event.

To prove a prima facie case of negligence, the plaintiff must establish the existence of a duty on the defendant's part to the plaintiff, the breach of the duty, and that the breach of the duty was a proximate cause of an injury to the plaintiff *(see, Akins v Glens Falls City School Dist.,* 53 NY2d 325). Absent a duty of care, there can be no breach and no liability. Although the court, as a threshold matter, must decide whether one party owes a duty of care to another where the facts are undisputed and but one inference may be drawn, the question of duty is not for the court as a matter of law where the facts are disputed *(see, Fellis v Old Oaks Country Club,* 163 AD2d 509; *cf., Pulka v Edelman,* 40 NY2d 781, 782; *Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, 33, *affd* 47 NY2d 440 [where facts undisputed, duty held a question of law for the court]). Further, although initially there may be no duty, a person may voluntarily assume a duty *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Florence v Goldberg,* 44 NY2d 189; *Parvi v City of Kingston,* 41 NY2d 553). However, the courts have held that gratuitous conduct may give rise to liability only when the defendant's affirmative action adversely affected the plaintiff and the defendant failed to act reasonably *(see, Nallan v Helmsley-Spear, Inc., supra; McIntosh v Moscrip,* 138 AD2d 781). Once a duty is found to exist, the question of whether the defendant breached that duty is generally a question of fact for the jury *(see, Florence v Goldberg, supra; Kaplan v Dart Towing,* 159 AD2d 610).

In the present case, we find that the trial court erroneously

dismissed the complaint at the close of the evidence on the ground that the plaintiff had failed to present a prima facie case. The plaintiff presented evidence that she and the defendant, while arm and arm, were walking across a street. According to the plaintiff, the defendant guided her out of the crosswalk and into a lane of moving traffic, where the plaintiff was hit by an automobile. The plaintiff also testified that she had relied on the defendant in crossing the street and that she was more cautious when she crossed the street alone. Thus, viewing the evidence in the light most favorable to the plaintiff, it was sufficient to establish that the defendant had assumed the duty of aiding the plaintiff to cross the street and it raised a question of fact as to whether the defendant exercised reasonable care in assisting the plaintiff *(see, Wolf v City of New York,* 39 NY2d 568). Therefore, the case should have been submitted to the jury. Thompson, J. P., Sullivan, O'Brien and Ritter, JJ., concur.