[618 NYS2d 387]

Gertrude Cohen, Appellant, v Heritage Motor Tours, Inc., Respondent.

Second Department, October 24, 1994

### APPEARANCES OF COUNSEL

*Julien & Schlesinger, P. C.,* New York City *(Stuart A. Schlesinger* and *William D. Fireman* of counsel), for appellant.

*Jacobowitz, Spessard, Garfinkel & Lesman,* New York City *(Fiedelman & Hoefling [Susan E. Lysaght]* of counsel), for respondent.

### OPINION OF THE COURT

ALTMAN, J.

On this appeal, we are called upon to determine under what circumstances a tour operator assumes a duty of care to a tour participant and whether the doctrine of the assumption of risk is a complete bar to the recovery of damages by a tour participant, even if such a duty was assumed.

The plaintiff Gertrude Cohen was 70 years old when she participated in a tour to the Canadian Rockies and Pacific Northwest which was organized and booked by the defendant Heritage Motor Tours, Inc. (hereinafter Heritage). The tour director was Lee Saal, a Heritage employee. On August 27, 1990, the plaintiff was part of a group led by Saal which visited Butchart Gardens in Victoria, British Columbia. She was injured when she fell on stepping stones while traversing a running brook. The plaintiff claims that Saal went to the brook and, with a wave of her hand, directed the group to follow her across the water by means of the stepping stone

path. According to the plaintiff, Saal did not indicate that there was an alternate path and the plaintiff did not ask if the brook could be traversed by another route. She relied on Saal to guide her as she had throughout the tour, although admittedly she was not compelled to cross the brook. The stones were allegedly slippery and dangerous, causing the plaintiff to fall. While Heritage contests a number of the plaintiff's factual assertions, we must view the facts in a light most favorable to the plaintiff in determining the propriety of the grant of summary judgment.

It is conceded that Heritage did not own or operate Butchart Gardens. The issue, then, is whether Saal, on behalf of Heritage, assumed an affirmative duty to the plaintiff to determine that the stepping stones were reasonably safe to use as a means of crossing the brook. The Supreme Court found that no such duty existed.

A tour operator has no duty to warn group members of a possible hazardous condition on property it neither owns nor occupies *(see, Loeb v United States Dept. of Interior,* 793 F Supp 431). Nor are independent travel or booking agents who package tours liable for accidents which occur on such a tour as a result of the negligent conduct of, for example, hotels which were booked by the agent *(see, Jacobson v Princess Hotels Intl.,* 101 AD2d 757). Where tour participants are transported by an independent contractor, the tour operator is not responsible for an accident which occurs due to the negligence of the independent contractor *(see, Dorkin v American Express Co.,* 43 AD2d 877).

What distinguishes this case from those setting forth general rules of liability of tour operators and travel agents is that here the tour was led by an employee of the tour operator who allegedly directed the participants to proceed in a particular manner. An individual who assumes a duty may be held liable for a breach of that duty if the individual's conduct placed the injured party in a more vulnerable position than if the obligation had not been assumed *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522; *Gordon v Muchnick,* 180 AD2d 715). If Saal assumed a duty to the plaintiff, then Heritage would be liable for its employee's negligent acts under the doctrine of respondeat superior *(compare, Davis v Shelton,* 33 AD2d 707). If, on the other hand, no duty was assumed by Saal, then there would be no factual issue regarding the defendant's liability.

According to the plaintiff's version of the events, Saal directed her to cross the stepping stones which were wet and slippery, causing her to fall. It is not clear whether the plaintiff was aware of the condition of the stones when she stepped onto them. If Saal directed the tour participants to follow her across the stones, she assumed a duty to exercise reasonable care since it is claimed that tour participants relied on her to guide them. The plaintiff's evidence raises a sufficient factual question as to whether Saal owed such a duty and exercised reasonable care under the circumstances *(see, Gordon v Muchnick, supra)*.

Heritage contends that even if it owed a duty to the plaintiff, recovery is barred by the doctrine of primary assumption of risk as the plaintiff saw the allegedly hazardous condition and, nevertheless, voluntarily walked across the stepping stones. Since the adoption of a comparative negligence law in 1975 *(see,* CPLR 1411), assumption of risk is no longer a complete bar to recovery *(see, Turcotte v Fell,* 68 NY2d 432, 438), except in cases involving express assumption of risk *(see, Arbegast v Board of Educ.,* 65 NY2d 161) or primary assumption of risk *(see, Turcotte v Fell, supra)*. Pursuant to CPLR 1411, the culpable conduct of a plaintiff, including contributory negligence or assumption of risk, merely reduces the plaintiff's recovery in the proportion which his or her conduct bears to the defendant's culpable conduct. The doctrine of primary assumption of risk is applied in cases where there is an elevated risk of danger, typically sporting and entertainment events and activities *(see, Turcotte v Fell, supra,* at 438; *Lamey v Foley,* 188 AD2d 157, 163). "Risks in this category are incidental to a relationship of free association between the defendant and the plaintiff in the sense that either party is perfectly free to engage in the activity or not as he wishes" *(Turcotte v Fell, supra,* at 438-439). The focus is both on the nature of the activity and the injured party's voluntary participation or entry into the area where the activity occurs. In such circumstances, where the risks are fully comprehended or obvious and the plaintiff has consented to them, the defendant has satisfied its only duty of care which is to make the conditions as safe as they appear to be *(see, Turcotte v Fell, supra,* at 438-439; *Pascucci v Town of Oyster Bay,* 186 AD2d 725, 726).

Heritage seeks to extend the scope of the doctrine of primary assumption of risk beyond cases involving an elevated risk of danger. To extend the doctrine to the facts of this case

would abrogate the comparative negligence law and relegate personal injury actions to their pre-1975 status.

Here the plaintiff was merely a participant in a tour who crossed a brook on stepping stones intended to be used as a path allegedly at the direction of the tour guide employed by Heritage. If the tour guide did not direct the plaintiff to traverse the stepping stones, there would be no duty attributable to the defendant. The duty arises if Saal acted as the plaintiff claims *(see, Gordon v Muchnick,* 180 AD2d 715, *supra).* A breach of that duty would make this a case of ordinary negligence, and under CPLR 1411 any risk assumed by the plaintiff could only serve to diminish her damages and would not bar recovery completely. Traversing this brook in the intended manner is not the type of activity contemplated by the doctrine of primary assumption of risk. Therefore, the plaintiff's actions would not completely relieve the defendant of the very duty of care it allegedly assumed a short time before.

BRACKEN, J. P., MILLER, COPERTINO and SANTUCCI, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.