■ MARIE O'HARA et al., Appellants, v PATCHOGUE ASPHALT Co., INC., Defendant and Third-Party Plaintiff-Respondent. THREE VILLAGE SCHOOL DISTRICT, Third-Party Defendant-Respondent. [632 NYS2d 176] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered December 17, 1993, which, upon granting the motion of the defendant for judgment during trial made at the close of the plaintiffs' case, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Marie O'Hara was injured when she fell after

allegedly stepping into a hole at the edge of a concrete slab abutting an asphalt driveway. She contends that the defendant Patchogue Asphalt Co., Inc. (hereinafter Patchogue), failed to repair the defect when it repaved the driveway approximately two years before her fall or that it repaired the defect in a negligent manner. Patchogue denied that the defect existed at the time it performed the repaving work and, even if it did exist, claimed it had no duty to repair any defects in the concrete slab.

Because there was no evidence upon which a rational jury could have found that Patchogue either had a duty to repair the defect or, as a result of its work, increased any hazard that may have existed, the trial court properly entered judgment as a matter of law for the defendant at the close of the plaintiffs' case *(see, Gurriell v Town of Huntington,* 129 AD2d 768). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.