448

■ Robert E. Levine, an Infant, by His Parents and Natural Guardians, Irene G. Levine and Another, et al., Respondents, v Parviz Zarabi et al., Respondents, David S. Khalily, Respondent-Appellant, and Fred Filasky et al., Appellants-Respondents. [663 NYS2d 68] —In an action to recover damages for personal injuries, etc., the defendants Fred Filasky and F. Filasky & Sons, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered August 12, 1996, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant David S. Khalily cross-appeals from so much of the same order as denied his separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs.

The plaintiff Robert E. Levine was 15 years old when he entered premises located at 5 Gould Street in the Village of Great Neck, fell down an abandoned well shaft, and was injured. The defendants Fred Filasky and F. Filasky & Sons, Inc. (hereinafter collectively Filasky) were contractors who were hired a week before the accident occurred to demolish buildings on the premises. Filasky admitted that, allegedly with the help of the defendant David S. Khalily, they covered the well with a wooden door and concrete slabs. Evidence was also presented that Filasky may have created the dangerous condition by breaking the concrete cap that had been covering the well.

A contractor may incur liability for an affirmative act of negligence which results in the creation of a dangerous condition (see, O'Hara v Patchogue Asphalt Co., 220 AD2d 492; Gurriell v Town of Huntington, 129 AD2d 768). Moreover, when a person who owes no duty gratuitously acts, that person has a duty to act reasonably (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Gordon v Muchnick, 180 AD2d 715). Questions of fact exist as to whether Filasky or David S. Khalily assumed a duty and, if they did so, whether they acted reasonably in exercising that duty (see, Cohen v Heritage Motor Tours, 205 AD2d 105; Gordon v Muchnick, supra). Furthermore, questions of fact exist as to David S. Khalily's involvement in the premises. Accordingly, summary judgment was properly denied. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.