■ WILLIAM T. NAPOLITANO et al., Appellants, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent, et al., Defendant. [680 NYS2d 117] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Orange County (Owen, J.),

dated September 3, 1997, as granted the motion of the defendant Central Hudson Gas & Electric Corporation for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated September 12, 1997, entered upon the order, dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

We agree with the Supreme Court that there are no factual issues regarding the liability of the defendant Central Hudson Gas & Electric Corporation (hereinafter Central Hudson). Central Hudson did not assume a duty to warn motorists of the obstruction in the roadway and its actions or inactions did not, in any event, place the injured plaintiff in a more vulnerable position than he would have been otherwise (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522; *Gordon v Muchnick,* 180 AD2d 715). Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.