■ ROBERT L. VAN HOVE et al., Appellants, v BAKER COMMODITIES, INC., et al., Respondents. [732 NYS2d 803] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Robert L. Van Hove (plaintiff) when his motorcycle slid out from underneath him on a highway entrance ramp. Plaintiffs allege that defendants voluntarily assumed and breached a duty to clean up a spill of an unspecified slippery substance.

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. "Where a person voluntarily assumes the performance of a duty, he is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task" (*Wolf v City of New York*, 39 NY2d 568, 573; *see, Florence v Goldberg*, 44 NY2d 189, 196-197; *Parvi v City of Kingston*, 41 NY2d 553, 559; *Kaplan v Dart Towing*, 159 AD2d 610, 612). A defendant who voluntarily assumes a duty to act with reasonable care toward others may be held liable for breach of that duty if the plaintiff relied on the defendant's undertaking and if the defendant's act or failure to act placed the plaintiff in a more vulnerable position than if the obligation had not been assumed (*see, Heard v City of New York*, 82 NY2d 66, 72, *rearg denied* 82 NY2d 889, citing *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522; *Cohen v Heritage Motor Tours*, 205 AD2d 105, 107). "The query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168).

Defendants sustained their initial burden on the motion of demonstrating that they were not negligent in the manner in which they carried out the cleanup and that their alleged actions or failure to act did not place plaintiff in a more vulnerable position than if the cleanup had not been undertaken (*see, Heard v City of New York, supra,* at 72; *Nallan v Helmsley-Spear, Inc., supra,* at 522). Defendants thus "neither enhanced the risk [plaintiff] faced, created a new risk nor induced him to forego some opportunity to avoid risk" (*Heard v City of New York, supra,* at 73, citing Restatement [Second] of Torts § 323, comment *c*). Plaintiffs failed to raise triable questions of fact on the issues of reliance and exacerbation of the risk (*see, Dorestant v Snow, Inc.*, 274 AD2d 542, 543; *McNeil v Wagner Coll.*, 246 AD2d 516, 517). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.