■ Rita Gauthier, Appellant-Respondent, v Super Hair et al., Respondents-Appellants. [762 NYS2d 736] —Appeals and cross appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered October 3, 2001, which, inter alia, granted the motion of defendant Super Hair for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant Super Hair in part and reinstating the complaint against it insofar as it is premised on a claim of breach of an assumed duty and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained when she fell into a hole or depression in the driveway/parking lot of premises owned by defendant John Simmonetti, doing business as Yorkshire Realty. The first floor of the building on the premises was leased to the proprietor of defendant Super Hair, and plaintiff had just left Super Hair when the accident occurred. Supreme Court properly granted that part of the motion of Super Hair for summary judgment dismissing the premises liability claim against it. Super Hair established its entitlement to judgment as a matter of law on that claim by proving that the driveway/parking lot was not part of the leased premises and that the maintenance of that common area was under the control of Simmonetti, not Super Hair, and plaintiff failed to raise a triable issue of fact on the claim of premises liability (*see Geloso v Castle Enters.,* 266 AD2d 849, 850 [1999]; *Stevens v Northern Lights Assoc.,* 229 AD2d 1001, 1002 [1996]; *Dunn v Reardon,* 184 AD2d 1064 [1992]). The court erred, however, in granting that part of the motion of Super Hair for summary judgment dismissing the remainder of the complaint against it. There are triable issues of fact whether the proprietor of Super Hair directed plaintiff to exit the leasehold premises through the side door and, if so, whether such conduct exacerbated the risk to plaintiff (*see Seudath v Mott,* 266 AD2d 450 [1999]; *Thrane v Haney,* 264 AD2d 926, 927 [1999]; *Martin v Gallagher Truck Ctr.,* 244 AD2d 534 [1997]; *Levine v Zarabi,* 243 AD2d 448 [1997]; *Cohen v Heritage Motor Tours,* 205 AD2d 105, 107-108 [1994]). One who voluntarily assumes a duty to act with reasonable care toward others may be held liable for breach of that duty if the plaintiff relied on that undertaking and the act or failure to act placed the plaintiff in a more vulnerable position than if the obligation had not been assumed (*see Heard v City of New York,* 82 NY2d 66, 72 [1993], *rearg denied* 82 NY2d 889 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522 [1980]; *Van Hove v Baker Commodities,* 288 AD2d 927 [2001]). One voluntarily assuming the performance of a duty "is required to perform it carefully, not omitting to do what an

ordinarily prudent person would do in accomplishing the task" (*Wolf v City of New York,* 39 NY2d 568, 573 [1976]; *see Florence v Goldberg,* 44 NY2d 189, 196-197 [1978]; *Parvi v City of Kingston,* 41 NY2d 553, 559 [1977]; *Van Hove,* 288 AD2d at 927). Here, there is a triable issue of fact whether the alleged conduct of Super Hair's proprietor "enhanced the risk [that plaintiff] faced, created a new risk [or] induced [plaintiff] to forego some opportunity to avoid risk" (*Heard,* 82 NY2d at 73, citing Restatement [Second] of Torts § 323, Comment *c; see Van Hove,* 288 AD2d at 927). We thus modify the order by denying the motion of Super Hair in part and reinstating the complaint against it insofar as it is premised on a claim of breach of an assumed duty.

We have considered the contentions raised by Super Hair on its appeal and Simmonetti on his cross appeal and conclude that they are without merit. Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.