■ JANESIA FULLER-MOSLEY, Appellant-Respondent, v UNION THEOLOGICAL SEMINARY et al., Respondents, and SCORCIA & DIANA ASSOCIATES, INC., et al., Respondents-Appellants. SCORCIA & DIANA ASSOCIATES, INC., Third-Party Plaintiff-Appellant, v FOCUS LIGHTING, INC., et al., Third-Party Defendants-Respondents. [782 NYS2d 16]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered September 18, 2003, which, to the extent appealed

from, granted summary judgment dismissing the claims and cross claims against defendant Union Theological Seminary, against defendants and third-party defendants Focus Lighting, Litemakers, and Venezia Bishop, and against third-party defendant I.P. Group, denied without prejudice motions for summary judgment on indemnification cross claims by defendants Scorcia & Diana Associates, Bohemia Electric and Vojar, and granted the Seminary a conditional order of indemnification against Scorcia & Diana, and order, same court and Justice, entered on or about November 17, 2003, which, upon reargument and renewal, adhered to the prior ruling, unanimously modified, on the law, the summary judgment motions of Union Theological Seminary, Focus Lighting, Litemakers and Venezia Bishop denied and the Seminary's motion for summary judgment on its indemnification claim denied, and otherwise affirmed, without costs.

An owner of property has a nondelegable duty to maintain its property in a reasonably safe condition, taking into account the foreseeability of injury to others (*Basso v Miller*, 40 NY2d 233, 241 [1976]). Whether the fall of a chandelier is foreseeable and whether the Seminary responded reasonably to such eventuality are factual questions that preclude summary judgment in the Seminary's favor (*see Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). Since the Seminary did not demonstrate that it was not negligent as a matter of law, it should not have been awarded conditional summary judgment on its claim of contractual indemnification against Scorcia (*see Warnett v A.J. Pegno Constr. Corp.*, 1 AD3d 207, 208 [2003]).

There is sufficient evidence to establish that manufacturer Litemakers and lighting designer Focus assumed a duty of advising the general contractor and the electrical subcontractor on certain details concerning installation of the chandelier. Questions of fact are raised as to whether they reasonably performed that task (*Gordon v Muchnick*, 180 AD2d 715 [1992]). Specifically, there are issues of fact whether those parties were negligent in failing to specify that an attachment pipe should be made of steel, or to advise that a single intact length of pipe would be needed. Issues of fact also exist as to whether architect Venezia Bishop assumed a similar advisory duty by approving certain installation instructions, and whether, in turn, such approval was reasonable under the circumstances (*id.*).

Both general contractor Scorcia and electrical subcontractor Bohemia were not required, under their contracts, to furnish "hardware" that was "related" to "electrical fixtures." There are questions of fact as to whether this applied to "installation

hardware"—specifically, whether Bohemia was obligated under its subcontract to supply the installation hardware, whether its decision to purchase and install nonsteel coupling mechanisms was negligent under the circumstances, and whether Scorcia was negligent in failing to provide installation hardware, in acquiescing in such purchase by Bohemia, or in failing to supervise what may have been a deficient installation of the fixture by Bohemia.

The IAS court properly concluded that I.P. Group, the consulting engineer, was entitled to summary judgment. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.