Michael Rosen et al., Respondents, v Long Island Greenbelt Trail Conference, Inc., Appellant, et al., Defendants. [796 NYS2d 130]—

In an action to recover damages for personal injuries, etc., the defendant Long Island Greenbelt Trail Conference, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered September 10, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On March 30, 2003, the plaintiff Michael Rosen (hereinafter the plaintiff) allegedly was injured while bicycling on a dirt trail along the Nassau-Suffolk Greenbelt Hiking Trail, when he fell off a wooden footbridge that he claimed was in a state of disrepair. The land on which the accident occurred was owned by the State of New York and was part of the Bethpage Parkway right-of-way. Since the cancellation of the proposed extension of Bethpage Parkway to Cold Spring Harbor, the right-of-way has been designated for "passive recreational use." The State does not maintain any regular staff on the land.

The defendant Long Island Greenbelt Trail Conference, Inc. (hereinafter LIGTC), is a nonprofit, volunteer organization dedicated to the establishment and maintenance of several hiking trails on Long Island. Approximately 40 of LIGTC's members donate their time and effort to maintain over 150 miles of hiking trails, including the one where the accident occurred, which runs approximately 22 miles from Massapequa Preserve to Bethpage State Park, following the Bethpage Parkway right-of-way. The volunteer work performed by LIGTC generally includes, inter alia, reporting fallen trees and other major problems to the New York State Parks Department, picking up litter, filling in holes, fixing footbridges, and ensuring that trail markers are visible. There is nothing in the record, however, to suggest that LIGTC volunteers performed any main-

tenance or repair work on the subject footbridge before the accident.

On this record, the Supreme Court erred in determining that LIGTC owed the plaintiff a duty of care as occupier or possessor of the Bethpage Parkway right-of-way. The Bethpage Parkway right-of-way is a vast tract of open land owned by the State and used for recreational purposes. LIGTC is neither a leaseholder of that land, nor a permittee with a contractual obligation to keep the land free from dangerous conditions (*see Florman v City of New York*, 293 AD2d 120 [2002]; *Zuckerman v State of New York*, 209 AD2d 510 [1994]; *Zadarosni v F. & W. Restauranteurs of Southeast*, 192 AD2d 1051 [1993]). As such, LIGTC cannot be considered an occupier or possessor of the Bethpage Parkway right-of-way so as to burden it with the duties and responsibilities of a landowner. Rather, LIGTC's status, for the purposes of defining the scope of its duty of care, is most closely akin to one who voluntarily assumes a duty to act with reasonable care toward others—in this case by establishing and maintaining hiking trails on state property. In that capacity, LIGTC could be held liable to the plaintiff for the breach of that duty only "if the plaintiff relied on [LIGTC's] undertaking and if [LIGTC's] act or failure to act placed the plaintiff in a more vulnerable position than if the obligation had not been assumed" (*Van Hove v Baker Commodities*, 288 AD2d 927 [2001]; *see Heard v City of New York*, 82 NY2d 66, 72 [1993]).

Here, LIGTC established its prima facie entitlement to judgment as a matter of law by showing that it did not create the dangerous condition that allegedly caused the plaintiff to fall. The plaintiff's contention that LIGTC, before the accident, was aware of the footbridge's state of disrepair but failed to correct it, falls short of the proof required to demonstrate that LIGTC placed the plaintiff in a more vulnerable position than if it had not assumed the duty to maintain the footbridge (*see Van Hove v Baker Commodities, supra*). Accordingly, LIGTC's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted.

In light of our determination, we need not address the parties' remaining contention regarding the applicability of General Obligations Law § 9-103. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.