(December 13, 2011)

■ SOPHIE ARAB et al., Respondents-Appellants, v ROUSE COMPANY OF NEW YORK, LLC, et al., Appellants, and RETAIL BRAND ALLIANCE, INC., Doing Business as CASUAL CORNER GROUP, INC., Respondent. [935 NYS2d 41]—

The defendants Rouse Company of New York, LLC, and Rouse SI Shopping Center, LLC (hereinafter together Rouse), owned the Staten Island Mall (hereinafter the mall) at the time of the subject slip and fall accident. The defendants American Building Maintenance, Inc., American Building Maintenance Co. of New York-Manhattan, and American Building Maintenance Co. of New York (hereinafter collectively ABM) had been hired by Rouse as Rouse's maintenance contractor to perform housekeeping services. The defendant Retail Brand Alliance, Inc., doing business as Casual Corner Group, Inc. (hereinafter Retail Brand), operated the store known as Casual Corner, which was located on the second floor of the mall. The injured plaintiff slipped and fell on the second floor near the Casual Corner store, allegedly sustaining injuries.

There was evidence that a Casual Corner employee may have cleaned up or attempted to clean up a spilled substance near the Casual Corner store prior to the injured plaintiff's fall. However, there was also evidence that the substance on which the injured plaintiff slipped was from a spill different from the one that the employee may have cleaned up or attempted to clean up. In addition, the substance on which the plaintiff slipped had been on the floor for at least 30 minutes prior to the plaintiff's fall.

The injured plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries against Retail Brand, Rouse, and ABM. The Supreme Court granted Retail Brand's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, concluding that Retail Brand neither owed nor assumed a duty to the injured plaintiff. The Supreme Court denied the cross motion of Rouse and ABM for summary judgment dismissing the complaint insofar as asserted against them and on their cross claims against Retail Brand. We affirm.

Retail Brand established that it was not a landlord with a duty to maintain common areas of the mall, and that it did not have a contractual duty to maintain common areas of the mall.

Moreover, Retail Brand established that it did not breach any assumed duty to clean up the area where the injured plaintiff fell. An "assumed duty, or a duty to go forward, may arise once a person undertakes a certain course of conduct upon which another relies" (*Malpeli v Yenna*, 81 AD3d 607, 608 [2011] [internal quotation marks omitted]; *see Heard v City of New York*, 82 NY2d 66, 72 [1993]; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522 [1980]). " '[T]he question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing' " (*Malpeli v Yenna*, 81 AD3d at 609, quoting *Heard v City of New York*, 82 NY2d at 72).

Here, Retail Brand established its prima facie entitlement to judgment as a matter of law by submitting evidence showing that it did not place the plaintiff in a more vulnerable position by cleaning up or attempting to clean up the substance spilled near its store (*see Crough v BJ's Wholesale Club, Inc.*, 87 AD3d 1372, 1373 [2011]; *Rosen v Long Is. Greenbelt Trail Conference, Inc.*, 19 AD3d 400 [2005]; *Van Hove v Baker Commodities*, 288 AD2d 927 [2001]; *cf. Gauthier v Super Hair*, 306 AD2d 850, 851 [2003]; *Falu v 233 Assoc.*, 258 AD2d 342 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted Retail Brand's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Rouse, as the owner, and ABM, as the maintenance contractor, failed to establish their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them since they failed to submit sufficient evidence showing that they did not have constructive notice of the allegedly dangerous condition (*see Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1029 [2009]; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d 1135, 1136 [2009]; *Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]; *Field v Waldbaum, Inc.*, 35 AD3d 652, 653 [2006]; *Porco v Marshalls Dept. Stores*, 30 AD3d 284, 285 [2006]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756 [2004]; *Jacques v Richal Enters.*, 300 AD2d 45, 46 [2002]; *Backer v Central Parking Sys.*, 292 AD2d 408, 409 [2002]). Therefore, the Supreme Court properly denied that branch of Rouse's and ABM's cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Rouse's and ABM's remaining contentions are without merit. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.