WIGGINS, Justice
(concurring specially)-
I concur with the majority opinion. I write separately, however, because, under the facts of this case, I would find the plaintiffs were entitled to a trial in the event the immunity provided by the recreational use statute applied to the activity of children playing in a barn’s hayloft. For the reasons expressed below, I believe the Sallees’ claim of negligent supervision is outside the scope of the statute’s immunity and thus, is an independent basis for seeking recovery from the Stewarts.
I. Relationship Between Negligent Supervision and Premises Liability Claims.
We have one case that considers the relationship between negligence claims and the immunity accorded in Iowa’s recreational use statute. In Scott v. Wright, the plaintiff was injured when she fell off and *155 then was pinned under a hay wagon during a hayride on the defendants’ property. 486 N.W.2d 40, 41 (Iowa 1992). The plaintiff sought to recover on a theory of vicarious liability for the driver’s negligent operation of the tractor. Scott, 486 N.W.2d at 42. After a verdict for the plaintiff, the defendants appealed, claiming the recreational use statute immunized the defendants from suit and accordingly, barred the plaintiffs recovery. Id. at 41^42.
There, we declined to disturb the jury verdict. Id. at 42. A review of the statute’s legislative history revealed that nothing in the language of the recreational use statute “suggests a legislative intent to immunize all negligent acts of landowners, their agents, or employees.” Id. We emphasized the statute was enacted to serve “ ‘a growing need for additional recreation areas for use by our citizenry.’ ” Id. (quoting H.F. 151 62d G.A., Reg. Sess., explanation (Iowa 1967)). Accordingly, our holding was also based upon the following practicality: “The public’s incentive to enter and enjoy private agricultural land would be greatly diminished if users were subject, without recourse, to human error as well as natural hazards.” Id.
In focusing the scope of the statute so narrowly, we emphasized that the language of the recreational use statute “is couched in terms of premises liability.” Id. (emphasis added). In short, the test announced in Scott is whether the claim is based upon “human error” or “natural hazards.” Id. If the claim involves natural hazards, the immunity in the recreational use statute applies and bars the plaintiffs claim, which subsequently extinguishes any premises liability claims. However, if the claim arises from human error, the recreational use statute provides no immunity.
In addition to Scott, we have had at least one other occasion to consider the interplay between claims involving negligent supervision and claims for premises liability. In Sweeney v. City of Bettendorf, we considered whether the City was liable for negligently supervising a child who was injured by a flying bat at a city-sponsored trip to a baseball game. 762 N.W.2d 878, 875-76 (Iowa 2009). We recognized that under the applicable precedent, the plaintiffs had no premises liability claim against the baseball stadium’s owner or operator. Sweeney, 762 N.W.2d at 882-83. However, the plaintiffs still had a negligence claim against the City. Id. at 883. To reach this conclusion, we stated that “a negligent supervision case is fundamentally different than a case involving premises liability.” Id. at 882. We emphasized the claim against the City “does not relate to the instrumentality of the injury, but instead focuses on the proper care and supervision of children in an admittedly risky environment.” Id.
In Sweeney, we approvingly cited the case, Cook v. Smith, 33 S.W.3d 548 (Mo.Ct.App.2000). See Sweeney, 762 N.W.2d at 883. In Cook, the plaintiff was invited to the defendants’ farm for a party. 33 S.W.3d at 551. While there, the plaintiff rode an ATV and was subsequently injured. Id. The plaintiff brought a two-count action against the defendant landowners, alleging premises liability and negligent supervision. Id. The court dismissed the premises liability claim, but allowed the negligence claim to go forward, thereby demonstrating the different theoretical bases for premises liability and negligence. Id. at 552-55.
II. Viability of Plaintiffs’ Negligence Claim.
The question then is whether the defendants were entitled, as a matter of law, to summary judgment on the plaintiffs’ negli *156 gence claim under the facts presented in this case.
In order to support a claim of negligence, there must be some kind of duty-owed to the plaintiff. See, e.g., Doe v. Cent. Iowa Health Sys., 766 N.W.2d 787, 792 (Iowa 2009) (recognizing a duty may arise pursuant to a statutory enactment). The court of appeals found the Stewarts owed a duty to Sallee, based upon the Stewarts’ affirmative action of providing a guided barn tour.
The analytical approach used by the court of appeals in reaching this conclusion is sound because the Stewarts wear two hats in this case. One hat is that of landowners. The other hat is that of tour guides. Although the Stewarts have immunity as landowners under the recreational use statute if the activity resulting in Sallee’s injury had a recreational purpose, the statute has no impact whatsoever on the distinctly different question of whether the Stewarts owed a duty of care when they guided the barn tour.
This is true because the immunity provided by Iowa Code section 461C.3 is limited to premises liability claims. The immunity provision specifies that “an owner of land” has no duty “to keep the premises safe” or warn of dangerous conditions, uses, structures, or activities “on such premises.” Iowa Code § 461C.3 (2009). Surely we all recognize this as classic premises liability language.
Here, however, the Sallees have a negligence claim that is independent of premises liability. The Sallees have stated a cause of action based upon the acts or omissions of the Stewarts as supervisors of the barn tour. This claim differs from premises liability, which is passive because a landowner who does nothing can be liable based on a failure to act. Here, the Stewarts covered the hay drop and directed Sallee to the hayloft.
The Sallees’ negligence claim is supported by the Restatement (Second) of Torts section 324A (1965), which provides that one may be liable for harm to another if he or she gratuitously undertakes “to render services to another which he [or she] should recognize as necessary for the protection of a third person ... if his [or her] failure to exercise reasonable care increases the risk of such harm.” To give the claim a shorthand name, it is a negligent supervision claim. We have imposed liability for such claims under the rule contained in section 324A. See, e.g., Craven v. Oggero, 213 N.W.2d 678, 682 (Iowa 1973) (holding a supervisor who assumes the obligation to provide a safe place for an employee can be held liable under section 324A); Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 1325-28, 121 N.W.2d 361, 364-66 (1963) (imposing liability for negligent inspection gratuitously undertaken by an insurance company).
The distinction I draw between premises liability and negligent supervision claims is generally recognized in the case law. See Raburn v. Wal-Mart Stores, Inc., 776 So.2d 137, 139-41 (Ala.Civ.App.1999) (noting that while an owner may not have an initial duty to prevent injuries to business invitees as a result of criminal acts, liability may result from negligent performance of a voluntary undertaking to apprehend criminals); Redinger v. Living, Inc., 689 S.W.2d 415, 417 (Tex.1985) (recognizing a duty to keep a premises safe can subject a general contractor to liability for negligence in cases “arising from a premises defect” or “those arising from an activity or instrumentality”); see also Sidwell v. Griggsville Cmty. Unit Sch. Dist. No. U, 146 Ill.2d 467, 167 Ill.Dec. 1055, 588 N.E.2d 1185, 1188-89 (1992) (deciding a case mirroring the facts here, where the court found a limited immunity statute barred claims of negligent supervision *157 against teachers, but did not bar premises liability claims against the school district).
Perhaps more importantly, the distinction between negligent supervision and premises liability is widely recognized across the jurisprudential landscape of recreational use statutes. For instance, in LePoidevin v. Wilson, the Wisconsin Supreme Court distinguished a premises liability claim, which was subject to an immunity defense under Wisconsin’s recreational use statute, from a negligence claim arising from the landowner’s son taunting the plaintiff into diving headfirst into a three-foot-deep pond. 111 Wis.2d 116, 330 N.W.2d 555, 559-62 (1983). Similarly, in Klein v. United States, the California Supreme Court found that a recreational use statute did not extinguish claims arising from the negligent acts of owners on the premises. 50 Cal.4th 68, 112 Cal.Rptr.3d 722, 235 P.3d 42, 47-53 (2010). In Dickinson v. Clark, the court noted that a recreational use statute did not apply to a claim related to the landowner’s negligent supervision of a minor operating a log splitter. 767 A.2d 303, 305-06 (Me.2001). Finally, in Sena v. Town of Greenfield, the court found that a city could be held liable for sledding injuries, where the city actually supervised the activity, notwithstanding potential coverage by a recreational use statute. 91 N.Y.2d 611, 673 N.Y.S.2d 984, 696 N.E.2d 996, 999-1000 (1998). Thus, even though a recreational use statute may bar a plaintiffs claim based upon premises liability, the plaintiff may still have a viable claim against the defendant under the theory of negligent supervision.
To determine whether a plaintiff has a viable claim of negligent supervision, the court must look to the level of control the defendant exercised over the plaintifPs activity. In Cohen v. Heritage Motor Tours, Inc., the court found a tour guide assumed a duty by instructing participants to cross a stream in a particular manner. 205 A.D.2d 105, 618 N.Y.S.2d 387, 389 (1994). This voluntarily assumed duty, of course, was not related to any potential premises liability claim that the plaintiff might have asserted against the landowner. Similarly, in Gordon v. Muchnick, the court found a jury question was raised as to whether the defendant assumed an undertaking sufficient to give rise to a duty of care, where the defendant guided the plaintiff across a street. 180 A.D.2d 715, 579 N.Y.S.2d 745, 745 (1992).
In short, the court of appeals got it right on this issue. The Sallees have stated a claim based upon negligent supervision that is independent of their cause of action for premises liability. As a result, even if the immunity in the recreational use statute covered the activity of playing in a hayloft and precluded recovery, the Stew-arts’ affirmative conduct raises another claim outside the scope of the statute and presents a triable issue not subject to summary judgment.