■ NICHOLAS ARROYO, an Infant, by His Natural Guardians and Parents, ROBERTO ARROYO and Another, et al., Respondents, v WE TRANSPORT, INC., et al., Defendants, and HEBREW ACADEMY FOR SPECIAL CHILDREN, Appellant. [987 NYS2d 426]—

In an action to recover damages for personal injuries, etc., the defendant Hebrew Academy for Special Children appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered February 26, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Hebrew Academy for Special Children for summary judgment dismissing the complaint insofar as asserted against it is granted.

On July 8, 2009, Nicholas Arroyo (hereinafter Nicholas), a child with special needs who was then three years old, was left unattended on a school bus owned and operated by the defendants We Transport, Inc., We Transport, L.P., and Towne Bus Corp. (hereinafter collectively the bus owners) for approximately six hours when he failed to exit the bus upon his arrival at the defendant school, Hebrew Academy for Special Children (hereinafter HASC). Nicholas, by his parents, and his parents individually, commenced this action against HASC and the bus owners, alleging, inter alia, that HASC had a special duty to ensure Nicholas's safe removal from the bus by virtue of his special needs, that HASC voluntarily had assumed a duty to account for the whereabouts of its students, and that HASC breached these duties. Following discovery, HASC moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it had no duty to remove Nicholas from the school bus, and that it never assumed a duty to ensure his safe arrival at school. The Supreme Court denied the motion.

A school's duty to its students is dependent on its physical

custody of those students (*see Stephenson v City of New York*, 19 NY3d 1031, 1033 [2012]). Custody ceases when the student has passed out of the "orbit of" the school's "authority" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]). Here, it is undisputed that Nicholas never passed into the physical custody of the school, as he never left the bus. Therefore, the school met its prima facie burden of showing that it did not owe a common-law duty to Nicholas. Contrary to the plaintiffs' contention, HASC did not have an elevated duty to inspect the bus by virtue of Nicholas's special needs (*see Begley v City of New York*, 111 AD3d 5, 26 [2013]).

The plaintiffs contend that HASC assumed a duty to ensure its students' safe arrival at school by virtue of its implementation of a policy and practice to ascertain and confirm the whereabouts of students who are absent from class. Voluntary conduct may give rise to liability, even if there would otherwise be no duty to act, if "the defendant's affirmative action adversely affected the plaintiff and the defendant failed to act reasonably" (*Gordon v Muchnick*, 180 AD2d 715, 715 [1992]; *see Heard v City of New York*, 82 NY2d 66, 72 [1993]). In order for a party to be negligent in the performance of an assumed duty, however, the plaintiff must have known of and detrimentally relied upon the defendant's performance, or the defendant's actions must have increased the risk of harm to the plaintiff (*see Heard v City of New York*, 82 NY2d at 73; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522 [1980]; *Arab v Rouse Co. of N.Y., LLC*, 90 AD3d 680, 682 [2011]; *Malpeli v Yenna*, 81 AD3d 607, 608 [2011]). Here, HASC submitted evidence that it did not cause Nicholas to be left on the bus, and was not responsible for checking to see that all of the children exited the bus. While the plaintiffs are correct that a letter sent from the school 12 days after the incident was admissible to establish that the promulgation of the school's policy of ascertaining the whereabouts of children absent from class predated the incident involving Nicholas, the record reveals that the plaintiffs did not become aware of that policy until after the incident. Therefore, the plaintiffs could not have relied on that policy to confirm Nicholas's safe arrival at school, and they failed to raise a triable issue of fact as to whether they relied on school policy to their detriment, or as to whether HASC's alleged failure to follow its own procedures placed Nicholas in a more vulnerable position than if HASC had no such procedures.

Accordingly, the Supreme Court erred in denying HASC's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.